UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No.: 2:14-cr-122-FtM-38CM

ESVIN ROLANDO MARTINEZ

## ORDER

The Defendant initially was charged by criminal complaint alleging that he made false statement in an application of a passport, in violation of Title 18, United States Code, Section 1542.  In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on October 14, 2014, in which the Government moved for detention based on risk of flight, and the Defendant requested conditions of release.  The Court ordered the Defendant released on a $50,000 appearance bond and imposed conditions of release, but stayed the Order to permit the United States the opportunity to seek further relief.  Docs. 13, 16.  On October 17, 2014, the United States filed its Motion for Reconsideration of the Magistrate Judge's Order Granting Conditions of Release ("Motion for Reconsideration") (Doc. 17), and on October 24, 2014, the Defendant filed a waiver of any response to the Motion for Reconsideration.  Doc. 18.  Subsequently, on October 29, 2014, the Defendant filed a Motion to Withdraw Request for Pre-Trial Release. Doc. 20.  I conclude that the following facts require the detention of the Defendant, Esvin Rolando Martinez, pending trial.

Subsequent to the bail hearing and the Court's Order granting conditions of release, on October 15, 2014, the grand jury found probable cause to return a three-

count indictment charging the Defendant with making a false statement in an application for a passport, in violation of Title 18, United States Code, Section 1542 (Count One), unlawful possession and use of a means of identification and Social Security number of another person during and relation to making a false statement in an application for a passport, in violation of Title 18, United States Code, Section 1028A (Count Two) and an alien falsely and willfully representing himself to be a citizen of the United States, in violation of Title 18, United States Code, Section 911.

Based upon the additional charges contained in the indictment; the Defendant's withdrawal of his request for pretrial release; that the Defendant is a citizen of Guatemala, and the Bureau of Immigration and Customs Enforcement has lodged a detainer against the Defendant due to his unlawful status in the United States; the proffers and arguments of the parties; the testimony at the hearing and in light of the credible information[1] submitted by the Government, including the weight of the evidence against the Defendant, I am satisfied by a preponderance of evidence that no condition or set of conditions will reasonably assure Defendant's presence at trial; and therefore detention is required in this case. Thus, the Court finds that, in accordance with 18 U.S.C. § 3142(f), there are no conditions or combination of conditions of release available to reasonably assure the Defendant's appearance should he be released.

---

[1] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). *See* 18 U.S.C. § 3142(g) for the factors to be taken into account.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The United States' Motion for Reconsideration of the Magistrate Judge's Order Granting Conditions of Release (Doc. 17) is **GRANTED**;

2. The Defendant's Motion to Withdraw Request for Pre-Trial Release (Doc. 20) is **GRANTED**;

3. The Release Bond and Order Setting Conditions of Release (Doc. 13) is hereby **REVOKED**; and

4. The Defendant is ordered **DETAINED** pending further proceedings.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** this 4th day of November, 2014.

*[Signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies furnished to:
United States Marshal
Counsel of Record